IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| KEVIN SAMS, #59554-019, ) ) Petitioner, ) ) v. ) ) ) ) MARY M. MITCHELL, ) ) ) Respondent. ) ) | Civil Action No. 3:10-1232-HFF-JRM  **REPORT AND RECOMMENDATION** |

Petitioner, Kevin Sams ("Sams"), is an inmate at FCI-Edgefield serving a 50 month term of imprisonment for bank robbery and being a felon in possession of a firearm. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on May 13, 2010 challenging the loss of good conduct time ("GCT") after he was found guilty by a Disciplinary Hearing Officer ("DHO") of violating the disciplinary rule of "Fighting with another person." (Code 201). Respondent, the Warden of FCI-Edgefield, filed a motion to dismiss, or in the alternative for summary judgment, on August 6, 2010, supported by a copy of the administrative record generated through Sams' institutional appeal. Because Sams is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 11, 2010 advising him of his responsibility to

---

[1] The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C).

1

respond to Respondent's motion. Sams filed a response on October 7, 2010. Respondent filed a reply on October 15, 2010.

**Discussion**

The record reveals that on April 25, 2009 Sams was involved in a fight with another inmate, R. Reed ("Reed"). It is undisputed that Reed was intoxicated and initiated the altercation. (Res.Mem., Ex. 3). Sams was charged with a violation of BOP's disciplinary rules, Code 201, fighting. Sams was adequately advised of his procedural rights and a hearing was held before the DHO on May 26, 2009. Sams appeared, denied the allegation, and gave a statement basically asserting that he acted only in self-defense. The DHO considered Sams' statement, the statements of two inmate witnesses, the incident report, an injury assessment of Sams and Reed, and photographs of both inmates. (Res.Mem., Ex. 5). The DHO found that Sams was less culpable than Reed, but he was nonetheless found guilty of the violation. (*Id.*) The sanctions included a loss of 27 days GCT.

The Attorney General of the United States, through BOP, is charged with "the management and regulation of all Federal penal and correctional institutions." 18 U.S.C. § 4042(a)(1). As part of this responsibility, BOP is required to "provide for the protection, instruction, and discipline" of its inmates. 18 U.S.C. § 4042(a)(3). Consistent with these responsibilities, BOP has promulgated rules for inmate discipline. *See* 28 C.F.R. § 541.10 *et. seq.* Prohibited acts the commission of which could result in disciplinary sanctions are set forth in 28 C.F.R. § 541.13. Table 3.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that inmates are entitled to minimal due process in the prison disciplinary context, i.e., advance written notice of the charge or violation, a written statement by the hearing officer citing the evidence relied upon in

reaching the decision and the reasons for the actions taken, and the right of the accused inmate to call witnesses and present documentary evidence if doing so would not jeopardize institutional safety. These minimal due process protections are mirrored in BOP's regulations. *See* 28 C.F.R. § 541.15, *et. seq*. The decision of a DHO meets due process standards as long as there is some evidence that will support the finding. Superintendent of Mass. Correctional Inst. v. Hill, 472 U.S. 445 (1985).

Sams' petition alleges a single ground for relief - the DHO erred in failing to accept his claim of self-defense resulting in a finding that he violated the BOP rule against fighting. The issue is whether there is "some evidence" to support the finding of the DHO. Sams raises a second issue in his Roseboro response, i.e., he was denied due process because he was prohibited from presenting "live" testimony from two inmate witnesses.

**1. Witnesses**

The record shows that when Sams was initially interviewed about the incident, he requested no inmate witnesses. (Res.Mem., Ex. 3, ¶ 25). However, in the notice of the hearing before the DHO, Sams requested two inmate witnesses, Morris Beecher and Rodriguez Harris, be present. (Res.Mem., Ex. 4). The DHO's report (Res.Mem., Ex. 6) shows that at the hearing Sams waived any right to have Beecher and Harris present. The report states that "you [Sams] requested 2 witnesses inmates Beecher and Harris. The DHO accepted for the record that they would state that Reed was drunk and started the fight which you [Sams] stated was acceptable for the hearing." (*Id.*)

It is clear that Sams' right to due process established by Wolff was not violated by the failure to call Beecher and Harris to present live testimony. BOP regulations state that "(a)n inmate has the right to submit names of requested witnesses and have them called to testify..." 28 C.F.R. § 541.17(c). Sams submitted the names of Beecher and Harris but agreed to stipulate their testimony.

3

The substance of their testimony was entered into the record and considered by the DHO. Sams has not shown that he was denied the right to call the witnesses or what further they may have testified to if they had been called.

**2. Sufficiency of Evidence**

Sams' claim that there was insufficient evidence to find him guilty is equally without merit. The record shows that the DHO considered Sams' statement, the stipulation of the testimony of Beecher and Harris, the incident report, and injury assessment of both Sams and Reed, and their photographs taken after the incident. The incident report states that Sams told the investigating officer that after "Reed took a swing at you [Sams] with a lock in a sock...you [Sams] caught him with a right." (Res.Mem., Ex. 3, ¶ 11). Further, the DHO concluded that "the medical assessments conducted on you [Sams] and Reed documents injuries that you both sustained injuries consistent with having been involved in a fight." (Res.Mem., Ex. 6, p.3) Although Sams denied the charges, there was clearly some evidence to support the finding of the DHO.

**CONCLUSION**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** with prejudice without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

December 15, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).